Citation Nr: 1744006 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 14-28 033A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for erectile dysfunction.


REPRESENTATION

Appellant represented by: Adam Neidenberg, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

R. Erdheim, Counsel


INTRODUCTION

The Veteran had honorable service from June 1975 to June 1979, but the discharge for a subsequent period of service from July 1978 to January 1982 was characterized as a bad conduct discharge.

This appeal comes to the Board of Veterans' Appeals (Board) from a March 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran testified at a videoconference hearing before the undersigned in January 2016. The Board remanded the claim in March 2016.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has put forth a number of contentions as to the etiology of his erectile dysfunction, to include as proximately due to a right simple orchiectomy. Specifically, he contended at his January 2016 hearing before the Board that he noticed an increase in erectile dysfunction following his 2009 orchiectomy. Although the Veteran has not yet appealed the July 2017 rating decision that declined to reopen the previously denied claim for service connection for a right simple orchiectomy, the Board finds that it is most favorable to the Veteran to defer any decision with regard to the current appeal until the July 2017 rating decision is final. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Once the July 2017 rating decision that declined to reopen the claim for service connection for right simple orchiectomy has either become final, or if the Veteran properly appeals that decision, readjudicate the claim for service connection for erectile dysfunction, to include obtaining any necessary treatment records or secondary VA etiological opinions indicated. If any benefit sought remains denied, issue a Supplemental Statement of the Case to the Veteran and his attorney. After allowing an appropriate amount of time for response, return the case to the Board for review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).